[Cite as *State v. Rembert*, 2025-Ohio-5227.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                 No. 114876

    v.                                  :

CODY REMBERT,                           :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 20, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-693542-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Steven N. Szelagiewicz, Assistant Prosecuting Attorney, *for appellee.*

Goldberg Dowell and Associates, LLC, and Adam Parker, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Cody Rembert appeals his conviction, entered following a guilty plea to two felonies, a third-degree burglary and a fourth-degree gross sexual

imposition, and the resulting 54-month aggregate term of imprisonment. For the following reasons, we affirm.

{¶ 2} Rembert, having been recently convicted of child endangerment in his home state of Montana, a charge reduced from sexual assault, surreptitiously entered the victim's hotel room and sexually assaulted her. The victim, also an out-of-state resident, was staying at a hotel in North Olmsted, Ohio, with her significant other, who was out to dinner with his employer at the time of the assault. It is unclear how or if Rembert and the victim were acquainted, but both are from Montana. There is no dispute that Rembert entered the room without permission. According to the State, Rembert somehow persuaded the front-desk employee to give him the victim's room key. Rembert used the key to gain access to the room and was in the corner of the room when the victim first awoke. He approached her and started kissing and groping her breasts. After the victim pleaded for him to stop sexually assaulting her, he left the room. Rembert immediately fled the jurisdiction and flew back to Montana, from where he was extradited for local prosecution.

{¶ 3} The State brought charges for kidnapping with sexual motivation and violent predator specifications (a first-degree felony), burglary (a second-degree felony), and gross sexual imposition (a fourth-degree felony). During plea negotiations, Rembert and the State agreed to reduce the burglary charge to a third-degree offense. The parties further agreed that Rembert would plead guilty to the fourth-degree gross-sexual-imposition offense, and the remainder of the charges would be dismissed. That deal vastly reduced his sentencing exposure.

That plea, however, was contingent on Rembert's agreeing to be classified as a Tier II sex offender. The State based that classification on the Montana conviction because of the sexual nature of the crime committed against a minor. The trial court accepted the guilty plea and sentenced Rembert to the maximum aggregate term available for both offenses.

{¶ 4} In this appeal, Rembert claims that his trial counsel rendered ineffective assistance by "stipulating" that Rembert was a Tier II sex offender based on the Montana conviction at sentencing. Rembert asks this court to vacate the Tier II classification and declare him a Tier I sex offender because, according to him, the Montana conviction does not qualify to enhance his classification as a matter of law.

{¶ 5} The argument presented and the remedy sought are not compatible with each other in light of the procedural history of this case.

{¶ 6} Rembert's trial counsel did not "stipulate" to Rembert's being declared a Tier II sex offender at sentencing. In general, a defense attorney can be deemed to have rendered ineffective assistance based on a wayward stipulation during sentencing, especially one that leads to more severe sanctions. *See, e.g., State v. James*, 2015-Ohio-4987, ¶ 29 (8th Dist.) (concluding that trial counsel's concession to the offenses being separate for the purposes of allied offense analysis at the sentencing hearing was erroneous and was cognizable as an ineffective-assistance-of-counsel claim). That, however, is not the procedural posture of this case. The Tier II classification imposed in this case was part of the plea deal

negotiated in good faith with the State and accepted by Rembert. This implicates the invited-error doctrine.

{¶ 7} "'Invited' error is a doctrine that prevents a party from benefitting from an action that the party induced the court to make." *James* at ¶ 28, citing *State v. Smith*, 2002-Ohio-3114, ¶ 30 (8th Dist.). "The doctrine precludes a litigant from making 'an affirmative and apparent strategic decision at trial' and then complaining on appeal that the result of that decision constitutes reversible error." *State v. Davis*, 2021-Ohio-2311, ¶ 25 (8th Dist.), quoting *State v. Doss*, 2005-Ohio-775, ¶ 7 (8th Dist.), and *United States v. Jernigan*, 341 F.3d 1273 (11th Cir. 2003). Rembert's attorney's acquiescence to the Tier II sex-offender classification was not an erroneous, unilateral stipulation by trial counsel at sentencing.

{¶ 8} Rembert received a significant reduction in the severity of the charges to which he pleaded guilty, which greatly limited his sentencing exposure, in part in exchange for his concession to being classified as a Tier II sex offender based on the Montana conviction. Rembert agreed to the classification as a condition of his plea. Thus, his trial counsel cannot be deemed to have erroneously stipulated to the reporting requirement. His sentencing statements merely reflected the negotiated plea terms. That presents a different issue than the one presented by Rembert in this appeal. When a defendant agrees to plead guilty to offenses or specifications, any error in the conviction is invited unless the plea was not knowingly, intelligently, and voluntarily entered. *State v. Littlejohn*, 2025-Ohio-1444, ¶ 12 (8th Dist.).

{¶ 9} The actual gist of Rembert's argument implies that trial counsel rendered ineffective assistance by misadvising Rembert of the applicable law during the plea negotiations. Rembert's argument with respect to his attorney's advice would be that his trial counsel wrongly concluded that the Montana conviction was substantially equivalent to an Ohio sex offense, and by advising Rembert through the plea negotiations based on the wrong presumption, Rembert's guilty plea that included the Tier II classification was not knowingly, voluntarily, or intelligently entered.

{¶ 10} That argument even if raised, however, would not result in vacating the supposed erroneous classification that Rembert seeks as relief. The remedy for deficient advice given during the plea negotiations is to vacate the guilty plea and reinstate the indictment. *See State v. Romero*, 2019-Ohio-1839, ¶ 28. Thus, Rembert's claim as to the alleged ineffective assistance is not compatible with the requested remedy of correcting the final entry of conviction to reflect the less severe classification. Further, Rembert is not asking to vacate his plea, so any error in his trial counsel's "stipulation" as to the terms of the plea deal at sentencing is, at best, considered invited error.

{¶ 11} Nevertheless, it should also be noted that Rembert's sole claim in this appeal is that his Montana conviction is not considered a sexually oriented offense because his conduct underlying the charge cannot be considered and the statutory elements of the criminal-endangering crime under Montana law do not include any sexual component for the purposes of enhancing his classification based on a prior

sex offense. He cites *State v. Brown*, 2019-Ohio-1235, ¶ 39 (8th Dist.), in support of that proposition.

{¶ 12} *Brown*, however, concluded that an offender's conduct underlying the offense can be considered. *Id.* at ¶ 42. In *Brown*, the panel recognized that the crime of trafficking in persons under R.C. 2905.32(A)(1) proscribes two distinct criminal acts. In reductive terms, the crime includes both sex trafficking and labor trafficking. *Id.* at ¶ 40. An offender convicted of human trafficking under R.C. 2905.32(A)(1) is only classified as a sex offender if the conduct involves the compulsion of sexual acts; in other words, a conviction for labor trafficking does not result in the offender being classified as a sex offender. *Id.* The defendant in that case was convicted of trafficking in persons with nothing in the indictment offering clarity as to which prong of the criminal conduct applied. *Id.* Despite the defendant challenging the sex-offender classification imposed at sentencing, the panel nonetheless cited the trial evidence supporting the conviction to determine whether the sex-offender classification was authorized by statute. *Id.* at ¶ 42.

{¶ 13} *Brown* does not support Rembert's argument that only the statutory text of the crime may be considered to the exclusion of the underlying acts constituting the crime. *See id.*; *accord State v. Lloyd*, 2012-Ohio-2015, ¶ 31 (concluding that the inquiry into whether the offenses are substantially equivalent may "go beyond the statutes and rely on a limited portion of the record in a narrow class of cases," including review of the charging documents, plea agreements, transcripts, presentence reports, or findings of fact and conclusions of law from a

bench trial, if the sexual nature of the crime cannot be discerned from a comparison of the statutory language).

{¶ 14} As a result, Rembert's sole reliance on *Brown* is misplaced even if the incompatibility of his argument and relief sought was ignored. Based on the foregoing, the sole assignment of error is overruled.

{¶ 15} The convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

EMANUELLA D. GROVES, P.J., and
DEENA R. CALABRESE, J., CONCUR